IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-CR-30003 |
| ) | |
| MARK C. BURGE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Mark C. Burge's Motion to Suppress Evidence Arising from Invalid Search Warrant and Motion to Suppress Statements (d/e 11) (Motion). The Motion is fully briefed, and the District Judge has referred the matter for an evidentiary hearing and Report and Recommendation pursuant to a Standing Order.

This Court conducted an evidentiary hearing on April 29, 2011. Defendant Burge appeared personally and by his counsel Michael J. Costello. The Government appeared by Assistant United States Attorney Jason M. Bohm. After carefully considering all of the submissions of the parties and the evidence presented, and pursuant to 28 U.S.C. § 636(b)(1)(B), this Court recommends that the Motion be DENIED.

# I. BACKGROUND[1]

On August 16, 2010, Illinois State Police Master Sergeant Todd Dowdy conducted a flyover of several areas in Macoupin County, Illinois, to look for possible cannabis fields. Dowdy was in a small state-owned airplane with the pilot and another Illinois State Police officer. Dowdy had been trained in spotting cannabis fields from the air. He testified that he had hours of flying time experience searching for cannabis fields and had found twenty-five to fifty fields in the past.

Burge's property was selected for the flyover because a confidential informant had told law enforcement officials that Burge was growing cannabis on his property in Macoupin County. The plane flew over Burge's property three or four times. Dowdy spotted cannabis growing a short distance from Burge's house on his property. The cannabis plants were surrounded by woods. Dowdy took some pictures from the plane. Defense Exhibits 1 and 2 are aerial photos of Burge's property taken that day from the plane. The photographs show a mobile home situated on a wooded lot. Defense Exhibit 2 contains a circle drawn by Dowdy at the hearing. Dowdy drew the circle around the cannabis patch in the woods on Burge's property as seen from the air.

---

[1]This Report and Recommendation is prepared without the benefit of a transcript.

On August 18, 2010, Dowdy went to the railroad tracks that were near Burge's property. Dowdy testified that he walked from the railroad tracks to the fence along Burge's property. Dowdy testified that he did not enter Burge's property. Dowdy saw the growing cannabis from that vantage point and took additional pictures of the cannabis. Dowdy testified that Defense Exhibits 3 through 8 are photographs of the cannabis plants that he took from this vantage point.

Dowdy then swore out an affidavit for a State search warrant. <u>United States' Response to Defendant's Motion to Suppress (d/e 13) (Government Response)</u>, <u>Attachment A, Affidavit and Complaint for Search Warrant (Affidavit)</u>. The Affidavit stated that Dowdy had conducted the flyover and the visual inspection from the railroad tracks and determined that cannabis was growing on Burge's property. The Affidavit stated that the pilot and the other officer in the plane also saw the cannabis during the flyover of Burge's property. The Affidavit recited that Dowdy, "has been trained in the observation of Cannabis and has numerous hours at spotting and locating cannabis plants." <u>Id.</u> The Affidavit prayed that,

> a Search Warrant be issued for the about described property located at 21143 Standard City Road, Carlinville, Macoupin County, Illinois, being a white and grey mobile home single family dwelling, and any and all outbuildings and vehicles located on said premises, for locating fruit of the crimes of possession of cannabis, or controlled substance, being any scales, packaging materials, United States Currency, guns, drug paraphernalia, lock boxes and safes, ledgers and logs,

surveillance/counter surveillance, and any other property obtained by proceeds acquired through, or used to further the process of the possession and production of cannabis or controlled substance.

Id. at 2.

On August 18, 2010, a Judge in Macoupin County, Illinois, issued the search warrant. Government Response, Attachment B, Search Warrant (Warrant). The Warrant set forth Burge's address as 21143 S. Standard City Rd., Carlinville, Macoupin County, Illinois. Id. The Warrant described Burge's residence as, "a white and gray mobile home single family dwelling and any and all outbuildings." The Warrant authorized the search, in part, as follows:

> YOU ARE THEREFORE COMMANDED with necessary and proper assistance to enter into and upon the above described residence, including any persons present within said dwelling, together with any vehicles located on said premises and then diligently search for cannabis plant(s) and seeds and other items used in the growing and/or cultivation of cannabis, including any scales, packaging materials, United States Currency, drug paraphernalia, lock boxes or safes, ledger or logs, surveillance/counter surveillance equipment, guns and any other property obtained by proceeds acquired through or used to further the process of production/possession of cannabis, . . . .

Id.

Dowdy and other law enforcement officers executed the Warrant on August 18, 2010. The officers found 224 cannabis plants growing in a ten foot by ten foot patch approximately 100 yards from Burge's house. The

cannabis patch was surrounded by the woods that were near the house. A vehicle path led from Burge's house to the cannabis patch. Defense Exhibits 9 through 46 are photographs taken during the execution of the Warrant. Law enforcement officials removed the cannabis plants and arrested Burge. Burge was given his Miranda warnings at the time of his arrest. He waived his Miranda rights and made a written statement. Response, Attachment C, Voluntary Statement.

## ANALYSIS

Burge claims that the search violated his Fourth Amendment rights. He challenges the sufficiency of the Affidavit to establish probable cause. He also challenges whether the search exceeded the scope authorized by the Warrant. Burge moves to suppress his statement as the fruit of the illegal search. Wong Sun v. United States, 371 U.S. 471, 485 (1963).[2]

The Fourth Amendment generally requires law enforcement officials to secure a warrant from a neutral magistrate or Judge based on probable cause before conducting a search. United States v. Robinson, 546 F.3d 884, 887 (7th Cir. 1996). In this case, Dowdy presented the Affidavit to the State Court Judge, and the Judge found probable cause and issued the Warrant. Once the Judge issued the Warrant, Dowdy is presumed to have acted in good faith in executing the Warrant. To overcome this

---

[2] Burge does not challenge the validity of the warrantless flyover observations of his property. Motion, at 3-4 (citing California v. Ciraolo, 476 U.S. 207, 213-14 (1986)).

presumption, Burge must prove that the Warrant was so lacking in probable cause that Dowdy's belief in the existence of probable cause was unreasonable or that Dowdy acted dishonestly or recklessly in preparing the Affidavit. United States v. Mitten, 592 F.3d 767, 771 (7th Cir. 2010).[3] There is no evidence that Dowdy acted dishonestly or recklessly. Burge speculates that Dowdy must have trespassed onto his property when Dowdy walked up to Burge's fence line from the railroad track and photographed the cannabis plants, but Burge presents no evidence to support his speculation. The Court observed Dowdy during his testimony and found him to be credible. The Court finds no indication of that Dowdy acted dishonestly or recklessly preparing the Affidavit.

To establish a lack of probable cause, Burge must establish that the Affidavit was so deficient that a reasonable magistrate or judge could not have found probable cause,

> A magistrate's determination of probable cause is to be given considerable weight and should be over-ruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.

---

[3] Burge could also meet his burden by showing that the magistrate or judge abandoned his detached and neutral role. Mitten, 592 F.3d at 771. Burge does not raise this argument.

United States v. Otero, 495 F.3d 393, 397 (7th Cir. 2007) (quoting United States v. Wiley, 475 F.3d 908, 914-15 (7th Cir. 2007)).  In this case, the Affidavit provided the State Court Judge with more than enough facts to establish probable cause.  Dowdy stated that he was trained to spot cannabis fields from the air and had experience doing so.  He stated that he and the other men in the plane saw the cannabis patch from the air.  Dowdy stated that he walked up to fence line of Burge's property and personally observed the cannabis growing on Burge's property.  This information establishes probable cause to believe that Burge was growing cannabis on his property.

Law enforcement officials also did not exceed the scope of the search authorized by the Warrant.  The Warrant authorized a search of Burge's residence.  A warrant to search a particular premises authorizes the search of the entire premises.  United States v. Ross, 456 U.S. 798, 820 (1982); United States v. Griffin, 827 F.2d 1108, 1113 (7th Cir. 1987).  Burge's residence consisted of a mobile home situated on a wooded lot.  The Warrant thus, authorized the search of the entire premises, including the cannabis patch 100 yards from Burge's mobile home.

Burge argues that the cannabis patch was an open field adjacent to his residence, and so, was not part of the premises described in the Warrant.  He argues, therefore, that the search improperly extended

beyond the scope of the Warrant. Burge states that the Warrant did, "not give authority to search open fields as open fields are not described in the scope of the warrant." Motion, at 6. The evidence demonstrates that Burge is wrong. The ariel photographs, Defense Exhibits 1 and 2, and Dowdy's testimony, establish that the cannabis plants were growing on Burge's wooded lot 100 yards from the mobile home. The cannabis plants were on the premises of his residence and not in an open field adjoining his residence.

Furthermore, Burge's argument that the cannabis patch was actually an open field even if true would not prove much. The search of an open field does not violate the Fourth Amendment because a party does not have the same expectation of privacy in an open field. Oliver v. United States, 466 U.S. 170, 177 (1984). Thus, the search of the cannabis patch would not violate Burge's Fourth Amendment rights even if the cannabis patch was an open field that was outside of the scope of the search authorized by the Warrant. Either way, the search complained of did not violate Burge's Fourth Amendment rights.

WHEREFORE, this Court recommends that Defendant Mark C. Burge's Motion to Suppress Evidence Arising from Invalid Search Warrant and Motion to Suppress Statements (d/e 11) be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after being served with ECF copy of this Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. <u>See</u> <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986); <u>Local Rule</u> 72.2.

ENTER: May 5, 2011

      <u>*s/ Byron G. Cudmore*</u>
      BYRON G. CUDMORE
    UNITED STATES MAGISTRATE JUDGE