**E-FILED**
Thursday, 16 June, 2011 11:12:51 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cr-30003 |
| | ) | |
| MARK C. BURGE, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER ADOPTING REPORT AND RECOMMENDATION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court the Report and Recommendation [d/e 18] entered by U.S. Magistrate Judge Byron G. Cudmore, and on Defendant Mark C. Burge's Motion to Suppress Evidence Arising from Invalid Search Warrant and Motion to Suppress Statements [d/e 11].

In the Report and Recommendation, Judge Cudmore recommends denying the Defendant's Motion to Suppress.

The Defendant has filed Objections [d/e 19] to the Report and Recommendation. In addition, the Defendant had the Court Reporter prepare a Transcript [d/e 22] of the Suppression Hearing held on April

1

29, 2011. The Government has filed a Response to the Defendant's Objections [d/e 21].

After careful consideration, and after reviewing the Exhibits and the Transcript of the Suppression Hearing, the Court adopts Judge Cudmore's Report and Recommendation.[1]

## I. OBJECTION—SUFFICIENCY OF AFFIDAVIT TO ESTABLISH PROBABLE CAUSE

The Defendant claims that the Affidavit [d/e 13-1] submitted by Master Sergeant Tod Dowdy, Illinois State Police, contained insufficient information to establish probable cause for the state court judge to issue a search warrant.

The U.S. Court of Appeals for the Seventh Circuit has stated the following regarding a magistrate's finding of probable cause:

> A magistrate's determination of probable cause is to be given considerable weight and should be over-ruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.

---

[1] The Parties are familiar with the factual and procedural background of this case, and this information is fully set out in the Report and Recommendation. Accordingly, the Court will only address the issues raised in the Defendant's Objections.

*United States v. Otero*, 495 F.3d 393, 397 (7th Cir. 2007) (quoting *United States v. Wiley*, 475 F.3d 908, 914-15 (7th Cir. 2007)).

## A. Flight Details

The Defendant has alleged that there were insufficient details in the Affidavit regarding the fly-over conducted by the Illinois State Police on August 16, 2010:

> [ ] The affiant states that he observed several cannabis plants growing on the property on a fly-over and has numerous hours spotting and locating plants. The Defendant claims that this is a conclusion without foundation;
>
> . . . .
>
> [ ] The affiant does not indicate the weather conditions which might affect his observation, does not state at what height these plants were observed, nor the speed of the aircraft at the time of the observation;
>
> [ ] The affiant does not indicate whether they were observed only once during the fly-over and does not describe their specific location on the property of the Defendant;

Objections [d/e 19], p. 4.

While Dowdy could have included in the Affidavit the additional details mentioned by the Defendant, those details were not necessary to establish probable cause. As the Seventh Circuit stated in *Otero*, the Affidavit must be "read as a whole in a realistic and common sense

manner." 495 F.3d at 397. It is not necessary for law enforcement to state all of the particulars listed by the Defendant to establish probable cause under these facts. There was sufficient information in the Affidavit regarding the flyover to conclude that Dowdy observed the plants from above. Therefore, the Court concludes that these objections are without merit.

### B. Differentiation between Plants

The Defendant next raises the following objections:

> [ ] There is no description as to why the affiant believed the vegetation he observed were cannabis plants nor does he differentiate any difference between the cannabis plants and the other foliage during this August month;
>
> . . . .
>
> [ ] An examination of the photographs taken during the fly-over would leave one to believe there's no differentiation between the [marijuana] plants and other vegetation;
>
> . . . .
> [ ] What is the [breadth] of knowledge of the affiant as to recognizing cannabis plants during the fly-over and what specifics he noted on the plants from which he determined they were cannabis plants . . .

Objections [d/e 19], p. 4-5.

The Court has reviewed the Defendant's Exhibits, in particular Defendant's Exhibit 2. Exhibit 2 is an aerial photograph of part of the

Defendant's home and the surrounding vegetation. During the Evidentiary Hearing, Officer Dowdy circled the area where the marijuana plants were growing. *See* Transcript [d/e 22], p. 25.

In Exhibit 2, the marijuana plants are easily distinguishable from the surrounding vegetation. The marijuana plants are a much more vivid shade of green than the surrounding vegetation. The marijuana plants also appear to be more densely packed together than the surrounding vegetation on the ground. Finally, the marijuana plants appear to be more uniform in height than the surrounding vegetation. Therefore, it does not appear that Dowdy would have had difficulty differentiating between the marijuana plants and the surrounding vegetation.

The Defendant's objection regarding Dowdy's training and experience is likewise without merit. The Affidavit states "[t]hat M/Sgt Dowdy has been trained in the observation of [c]annabis and has numerous hours at spotting and locating cannabis plants." Affidavit [d/e 13-1], 1. While Dowdy could have elaborated on his training and experience regarding plant identification and how he identified the plants in this instance, the statement in the Affidavit was sufficient.

### *C. Possible Entrance onto Defendant's Property by Dowdy*

The Defendant has made the following objection regarding Dowdy's alleged incursion on August 18, 2010 into the Defendant's property:

> [ ] The affiant states that he walked on the tracks behind the residence, but Defendant claims he may have entered on the property and what he could observe at his specific location due to foliage growing between his point of observation and the cannabis plants;

Objections [d/e 19], p. 4. The Defendant further stated the following:

> If the affiant stepped upon the property of the Defendant and the alleged cannabis was not in plain sight on the open field of the Defendant then the Defendant's expectation of privacy was violated.

Objections [d/e 19], p. 7.

The Defendant has produced no evidence to support the allegation that Dowdy stepped onto the property. During the Evidentiary Hearing, Dowdy was questioned regarding this issue, and testified that he did not cross the fence at the property line. *See* Transcript [d/e 22], p. 17.

Even if Dowdy crossed into the Defendant's land while observing and photographing the marijuana plants, no Fourth Amendment violation occurred.

The Defendant has not suggested that the marijuana plants were growing within the curtilage of the house, and, given the 100-yard distance from the house and the wooded surroundings, such an assertion would likely fail. *See United States v. Dunn*, 480 U.S. 294, 301 (1987) ("[C]urtilage questions should be resolved with particular reference to four factors: the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation passing by.").

The Defendant has suggested that the marijuana plants were located in an open field. *See* Motion to Suppress [d/e 11], p. 4-5; Objections [d/e 19], p. 5-6. The wooded area where the marijuana plants were growing could be classified as an open field for Fourth Amendment purposes:

> It is clear, however, that the term "open fields" may include any unoccupied or undeveloped area outside of the curtilage. An open field need be neither "open" nor a "field" as those terms are used in common speech. For example, contrary to respondent Thornton's suggestion . . . a thickly wooded area nonetheless may be an open field as that term is used in construing the Fourth Amendment.

*Oliver v. United States*, 466 U.S. 170, 180 n.11 (1984). To the extent the area constituted an open field, there would be no expectation of privacy and no resultant Fourth Amendment violation if Dowdy had strayed onto the Defendant's property while observing and photographing the marijuana plants. *See id.* at 181, 182-83.

The Court has reviewed Dowdy's Affidavit, and concludes that the Affidavit contains ample information to support a finding of probable cause to issue a search warrant.

## II. OBJECTION—SCOPE OF THE SEARCH WARRANT

The Defendant objects to Judge Cudmore's conclusion that the officers did not exceed the scope of the search authorized by the Warrant [d/e 13-2]. The Defendant claims that marijuana plants were located in an "open field" adjacent to the home, and that the officers could have legally searched that area only if the Warrant specifically mentioned that area.

In *United States v. Ross*, 456 U.S. 798, 820-21 (1982), the Supreme Court held that "[a] lawful search of fixed premises generally extends to the entire area in which the object of the search may be found

and is not limited by the possibility that separate acts of entry or opening may be required to complete the search."

In *United States v. Griffin*, 827 F.2d 1108, 1113-15 (7th Cir. 1987), the Seventh Circuit held that officers did not exceed the scope of the search warrant by seizing items from the backyard and toolshed of a residence, although the warrant did not specifically mention these areas. The Seventh Circuit interpreted the word "premises" broadly, looking to the Black's Law Dictionary definition of premises: "premises means 'lands and tenements; an estate including buildings thereon.'" 872 F.3d at 1114 (quoting *Black's Law Dictionary* 1062-63 (5th ed. 1979)) (alteration omitted); see also *Black's Law Dictionary* 1300 (9th ed. 2009) (defining premises as "[a] house or building, along with its grounds.")

The Defendant claims that *Ross* and *Griffin* do not apply because the marijuana plants were located in an open field. The Defendant cites no authority for this assertion, and the Court concludes that the argument is without merit. *Ross* and *Griffin* apply, and, because the

marijuana plants were located on the premises, the officers did not exceed the scope of the Warrant.

The Defendant's argument regarding open fields is unavailing. As detailed above, to the extent the marijuana plants were located in open field, *see Oliver v. United States*, 466 U.S. 170, 180 n.11, the Defendant would not enjoy any legitimate expectation of privacy in that area, *see id.* at 181, 182-83. Therefore, the Court concludes that the officers did not exceed the scope of the Warrant.

### III. OBJECTION—SUPPRESSION OF STATEMENTS MADE BY DEFENDANT

On the morning of the search, the Defendant consented to being questioned by officers, and provided the following written statement:

> I grew these [p]ot [pl]ants [b]ecause I am unemployed for 1 ½ yrs. No work[.] It was the only way I knew to make any money. I realize it was wrong to do. There was 100 [p]lants.

Voluntary Statement [d/e 13-3], p. 1.

The Defendant claims that his statements made at the time of the search should be suppressed as the tainted fruit of the poisonous tree:

> The Defendant gave consent to his interrogation after "Memoranda" warnings were given, however, the Defendant claims that if the search warrant violated the Defendant's expectation of privacy and argues likewise his statements should be suppressed. Statements

made by a suspect after an illegal entry into his home, and a search based upon the statement were fruits of the primary illegality. *Wong Sung v United States*, 371 471 83 S.Ct. at 407, 9 L.Ed.2d 441 (1963).

Objections [d/e 19], p. 9.

The Court has determined that the Affidavit was sufficient and that the officers did not exceed the scope of the Warrant. Therefore, the Court finds that there is no basis to suppress the statements the Defendant made at the time of the search.[2]

## IV. CONCLUSION

*Ergo*, the Court ADOPTS the Report and Recommendation [d/e 18] and OVERRULES the Defendant's Objections [d/e 19].

The Defendant's Motion to Suppress Evidence Arising from Invalid Search Warrant and Motion to Suppress Statements [d/e 11] is DENIED.

IT IS SO ORDERED.

ENTER: June 16, 2011

FOR THE COURT:          */s/ Richard Mills*
                                              Richard Mills
                                   United States District Judge

---

[2] The Court notes that the Defendant's written statement appears to be completely voluntary, as he acknowledged and waived his right to remain silent and his right to counsel. *See* Voluntary Statement [d/e 13-3], p. 1.